UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>     v.<br><br>RICHARD D. KEGLEY, RAMON ZAMORA, ZAP BOXING CLUB YOUTH CENTER, ERIN CAPITAL MANAGEMENT, WALLWA WALLA COUNTY, RICHARD of YHVH, Office of the First Presiding Patriarch, JAMIE OF YHVH, Office of the First President Patriarch, ERIN CAPITAL MANAGEMENT, and WALLA WALLA COUNTY,<br><br>                 Defendants. | No.  CV-13-5053-EFS<br><br>**ORDER DENYING DEFENDANT KEGLEY'S MOTION TO DISMISS FRCP 12(B)(1), (2), (3), AND (6)** |

Before the Court, without oral argument, is Defendant Richard D. Kegley's *pro se* Motion to Dismiss FRCP 12(b)(1), (2), (3), and (6). ECF No. 15.  Plaintiff United States of America ("United States") opposes the motion.  After reviewing the record and relevant authority, the Court is fully informed.  For the reasons set forth below, the Court denies Mr. Kegley's motion.

**A.  Background**

On May 1, 2013, the United States filed a Complaint seeking:

> 1) to reduce to judgment the unpaid federal income tax and civil tax penalty assessments made against Richard D. Kegley; 2) to obtain a judicial determination that (a)

ORDER **-** 1

> Richard of YHVH, Office of the First Presiding Patriarch, (b) Jamie of YHVH, Office of the First Presiding Patriarch, and (c) Zap Boxing Club and Youth Center are the alter egos or nominees of Richard D. Kegley; 3) to have purported transfers of certain real property declared fraudulent as against the United States; 4) to foreclose on federal tax liens encumbering certain real property located in Walla Walla County, Washington, and; [sic] 5) to have the proceeds from the foreclosure sale distributed to the parties in amounts determined by the Court.

ECF No. 1 at 1-2. Walla Walla County and Mr. Kegley filed answers. ECF Nos. 4 & 14. On October 23, 2013, Mr. Kegley filed the instant motion to dismiss. ECF No. 15.

**B.    Authority and Analysis**

Mr. Kegley asks the Court to dismiss the lawsuit against him because: 1) he is not a taxpayer as defined under Title 26; 2) the Secretary of Treasury has not determined him to be a taxpayer pursuant to 28 U.S.C. § 2201(a); 3) he did not commit any acts within the state of Washington as defined by RCW 82.04.200; 4) neither he nor the subject property are within the judicial district of this Court; 5) he has not made any prior agreements with the Internal Revenue Service (IRS) or this Court as to any means of payment of any claims, as is required by the Uniform Commercial Code; 6) his rights under the Declaration of Independence and the U.S. Constitution provide him with inviolable rights; 7) this lawsuit is barred by the statute of limitations set out in 28 U.S.C. § 2462; and 8) the alleged transfers of property involve a matter of value exchange, which is a political issue and not within this Court's purview. The Court addresses each argument in turn.

ORDER - 2

First, there is no question given the language of the federal tax statutes and the cases analyzing them that Mr. Kegley is a "person" and that he can be treated as a taxpayer if he in fact owes taxes under Title 26 of the United States Code. *See* 26 U.S.C. § 7203 (applying to "[a]ny person required under this title to pay any estimated tax . . . ."); *see also United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir. 1981) ("Romero's proclaimed belief that he was not a 'person' and that the wages he earned as a carpenter were not 'income' is fatuous as well as obviously incorrect."); *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986) ("We note that this [non-taxpayer] argument has been consistently and thoroughly rejected by every branch of the government for decades."). Because when conducting an analysis under Federal Rule of Civil Procedure 12(b)(6) the Court must accept as true the Complaint's assertion that Mr. Kegley owes the United States taxes, the Court denies Mr. Kegley's motion to dismiss in this regard. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013) (recognizing that on a motion to dismiss the court presumes the facts alleged in the complaint are true).

Second, Mr. Kegley's argument that the Court does not have the authority to determine whether he is a person who owes taxes to the United States because the Secretary of the Treasury has not defined him as a taxpayer is without merit. Mr. Kegley relies on the bolded language in 28 U.S.C. 2201(a) to argue that this Court lacks the authority to determine if Mr. Kegley is a taxpayer:

ORDER - 3

> In a case of actual controversy within its jurisdiction, **except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986**, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added). This statute does not apply to the instant lawsuit, and does not necessitate that the Secretary of Treasury make a determination that Mr. Kegley is a taxpayer. Section 2201(a) is part of the Declaratory Judgment Act. Here, the United States is not asking the Court to issue a declaratory judgment under § 2201(a). Rather, the United States seeks a judgment to enforce Mr. Kegley's unpaid federal income tax and unpaid civil tax penalty assessments pursuant to 26 U.S.C. § 7403. Although the United States asks the Court to "[d]etermine and *declare* that the federal tax liens described [in the Complaint] attach to all property and rights to property of Richard D. Kegley," ECF No. 1 at 15 (emphasis added), the United States seeks this relief pursuant to § 7403, and not § 2201(a). While determining whether Mr. Kegley owes the claimed assessments to the United States, the Court will need to make several determinations regarding the tax liens and property transfers, however, the Court will not be entering declaratory judgment pursuant to § 2201(a). Mr. Kegley's motion to dismiss is denied in this regard. *See also* 26 U.S.C. § 7402(a) ("The district courts of the United States at the

ORDER **-** 4

instance of the United States shall have such jurisdiction to . . . to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. . . ."); 28 U.S.C. § 1345 ("Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . . ."); 28 U.S.C. § 1340 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . .").

Third, Mr. Kegley posits that he did not commit any acts within the state of Washington as defined by RCW 82.04.200. RCW Chapter 82.04 applies to Washington's business and occupation tax, and RCW 82.04.200 defines "in this state" and "within this state" as including all federal areas lying within the exterior boundaries of the state. The Court understands that Mr. Kegley's third argument is related to his fourth argument, which is that Mr. Kegley does not reside, nor is the subject property located, on federal property within this Court's judicial district. These arguments lack merit. Venue is proper in the Eastern District of Washington because 1) the Complaint alleges that all Defendants reside in Walla Walla and the subject property is located in Walla Walla, 2) Walla Walla is located in Walla Walla County, and 3) Walla Walla County is within this Court's judicial district. 28 U.S.C. §§ 1390 & 1391(b). Likewise, the Court has personal jurisdiction over Mr. Kegley given that he resides in Walla Walla. *See Pennoyer v. Neff*, 95 U.S. 714, 733 (1877) (recognizing a court's personal jurisdiction over a person who resides in the state

in which the court sits), *overturned in part in other regard by Shaffer v. Heitner*, 433 U.S. 186 (1977).

Fifth, Mr. Kegley asks the Court to dismiss this lawsuit because he has not made any prior agreements with the IRS or this Court as to any means of payment of any claims as he believes is required by the Uniform Commercial Code. The Court's jurisdition is over the claims in this lawsuit is not dependent upon Mr. Kegley making a prior agreement relating to the means of payment with the IRS or the Court. Rather as is explained above, as a federal district court, this Court possesses the subject-matter jurisdiction to hear the tax-related claims in this lawsuit. If and when appropriate, the Court will determine whether payment is owed by Mr. Kegley to the United States. Mr. Kegley's motion is denied in this regard.

Sixth, Mr. Kegley claims he possesses inviolable rights under the Declaration of Independence and the U.S. Constitution. The Court agrees with this basic constitutional principle. However, Mr. Kegley has failed to articulate why his constitutional rights bar this lawsuit from proceeding against him. His motion is denied in this regard.

Seventh, Mr. Kegley argues this lawsuit is barred by a seven-year statute of limitations in 28 U.S.C. § 2462. This argument is without merit because the applicable statute-of-limitations is 26 U.S.C. § 6502, not 28 U.S.C. § 2462. Section 6502 requires that any court proceeding to collect on a tax assessment be brought within ten years after the tax assessment. The Complaint alleges the IRS made the assessments on July 11, 2005 (§ 6700-penalty assessments), and

ORDER - 6

1  February 13, 2006 (income-tax assessments). Accordingly, the United
2  States' claims are timely filed within the ten-year statute of
3  limitations. *See Mullikin v. United States*, 952 F.2d 920, 927-28 (6th
4  Cir. 1991); *Lamb v. United States*, 977 F.2d 1296, 1297 (8th Cir.
5  1992). Mr. Kegley's motion is denied in this regard.

6  Finally, Mr. Kegley posits that the alleged property transfers
7  involve a matter of exchange of value that is a political issue and
8  not within this Court's purview. This argument is futile. As stated
9  above, this Court possesses personal jurisdiction over Mr. Kegley, has
10 subject-matter jurisdiction over the tax-assessment related claims,
11 and is the proper venue for this lawsuit. Whether the property was
12 transferred for value or for fraudulent purposes is a matter that is
13 properly before the Court. Accordingly, Mr. Kegley's motion is denied
14 in this regard.

15 **C.  Conclusion**

16 For the above given reasons, **IT IS HEREBY ORDERED**: Mr. Kegley's
17 *pro se* Motion to Dismiss FRCP 12(b)(1), (2), (3), and (6), ECF No. 15,
18 is **DENIED**.

19 **IT IS SO ORDERED.** The Clerk's Office is directed to enter this
20 Order and provide copies to Mr. Kegley and counsel.

21 **DATED** this  26th  day of November 2013.

                          s/ Edward F. Shea
                          EDWARD F. SHEA
                  Senior United States District Judge

Q:\EFS\Civil\2013\5053.dismiss.kegley.lc1.dotm

ORDER **-** 7